PETER O. GRIMES v. HENRY MILLER et al.,
Appellants.

**Division Two, June 29, 1909.**

1. **MISJOINDER OF CAUSES:** Ejectment: Partition. An heir who is denied recognition in his ancestor's lands may bring suit in ejectment, and in another count in the same petition ask for partition.

2. **ABSENT HEIR:** Presumption of Death. Where plaintiff was absent twenty-one years prior to the bringing of his suit in 1905 to establish his right to a one-fourth interest in his deceased mother's land, he cannot be precluded, by any presumption that he was dead, from claiming against a person who purchased said land in good .faith after a decree in a suit in partition between the remaining heirs, to which he was not a party, where the evidence shows that, though his mother had died the owner in 1896, he did not know of her death, and did nothing towards inducing the defendant purchasers from the said three coparceners to buy the land. His mere absence from the State for seven years does not estop him.

3. ————: ————: Prior Partition: Due Process of Law. Nor are his rights affected by the fact that in his absence, after the death of his mother, one of the other three heirs brought partition against the remaining two, and charged in her petition that she and the two defendants were the only heirs, and that allegation defendants admitted by their answer, and the trial court found them to be the only heirs and decreed partition among them, and the defendants bought from them relying upon said judgment in partition—the plaintiff not being a party thereto. To presume him dead and deprive him of his interest in the land because of such presumption and judgment, would be to deprive him of his property without due process of law.

4. ———: ———: **Proof.** A presumption that an absent heir is dead, however long his absence, must disappear in the face of proof that he is alive. .

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Mytton & Parkinson* and *Charles C. Crow* for appellants.

(1) A suit for partition of real estate cannot be maintained where it appears that defendant is in the exclusive possession of all the land. In this case plaintiff expressly alleges that defendants are in the actual and exclusive possession of the land, and the cause must be reversed for that reason. Lambert v. Blumenthal, 26 Mo. 471; Haeussler v. Iron Co., 110 Mo. 188; Colvin v. Hauenstein, 110 Mo. 575; Sheperd v. Fisher, 206 Mo. 249. (2) Plaintiff had disappeared fourteen years before the purchase by Henry Miller, had not been heard from by his family for thirteen years, and Henry Miller, acting on the legal presumption arising therefrom, of his death, is protected. Likewise is defendant Elgie Miller, his grantee. Plaintiff, having created this legal presumption by his own act, is now precluded from claiming against an innocent person purchasing land on the faith thereof after a judicial decree in partition between the remaining heirs at law of the deceased owner. Defendants paid a full consideration for the entire tract of land, relying, as they had a right to do, upon the presumed death of plaintiff, and will be protected as against him who by his acts caused the legal presumption to arise upon which defendants acted. 22 Am. and Eng. Ency. Law, 1245.

*Chas. F. Strop, Henry M. Ramey, Jr.,* and *Eugene Silverman* for respondent.

(1)   Our statute provides that "the plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: First, the same transaction or transactions connected with the same subject of action." The subject-matter of this action is the land; the parties are the same and the count in ejectment was properly joined with the count in partition. R. S. 1899, sec. 593; Lane v. Dowd, 172 Mo. 174; Morrison v. Herrington, 120 Mo. 668; Scarborough v. Smith, 18 Kan. 399; Denton v. Fyfe, 65 Kan. 2; Chandler v. Richardson, 65 Kan. 152; Dellashmutt v. Parrent, 39 Kan. 548; 30 Cyc. 192. (2) It requires no citation of authority that an omitted party, notwithstanding the attempted partition, may assert his title or interest against any allottee or purchaser. 30 Cyc. 282. (3) Upon no theory can plaintiff be deprived of his interest in the land in suit. He was not a party to the partition suit, nor did he in any way induce the appellants to purchase the land, or estop himself from claiming his interest. The presumption of death is not a conclusive presumption, and upon the return of an absentee he is entitled to his property, even though administration has been had upon his estate under a statute authorizing administration after absence for seven years. Scott v. McNeal, 154 U. S. 49.

GANTT, P. J.—This is an action in two counts, the first being ejectment for possession of an undivided one-fourth of the northeast quarter of the northeast quarter of section 26, township 56, range 35, all in Buchanan county, Missouri. The ouster was laid on the 19th of January, 1900. The second count was one for partition of the same land.

It was admitted that the plaintiff was the son of Mahala Grimes and that the said Mahala Grimes at the time of her death owned said real estate, and that if plaintiff had any interest it was a one-fourth interest, the only evidence offered by plaintiff being as to the value of the monthly rents and profits. It appeared from the evidence offered by the defendant that in 1896 a partition of the premises was had among all the heirs of Mahala Grimes, deceased, except the plaintiff herein, and he was not a party to said partition suit. In that action the premises were divided in kind and the defendant became the owner of the interest of the distributees and heirs by deeds from them about a year after that partition was made. Upon this state of facts the circuit court rendered judgment for possession of the one-fourth interest in said property to which he was entitled as the son of Mahala Grimes. The cause then proceeded on the second count of the petition and the same evidence and the same admissions were offered together with the judgment in ejectment on the first count. And thereupon the court rendered a decree of partition adjudging plaintiff was entitled to one undivided one-fourth of the said premises and the defendant three-fourths. It was agreed and the court so adjudged that the lands could not be divided in kind without injury to the rights of the parties and accordingly it was ordered sold and the proceeds divided according to the rights of the parties as adjudged. From that judgment the defendants have appealed.

I. Section 593, Revised Statutes 1899, provides that "the plaintiff may unite in the same petition several causes of action whether they be such as have heretofore been denominated legal or equitable or both, where they all arise out of: first, the same transaction or transactions connected with the same subject of action." The subject-matter of this action is the

land and the parties are the same and we can see no reason why the count in ejectment was not properly joined with the count in partition. [Morrison v. Herrington, 120 Mo. 665; Lane v. Dowd, 172 Mo. l. c. 174; Scarborough v. Smith, 18 Kansas 399.] Indeed it seems too plain for discussion that where an heir is denied recognition in the division of his ancestor's land he has no other recourse except to bring his action in ejectment to compel a recognition of his right, and if he succeeds therein, there is no reason why he should not proceed at once with his right to partition.

II. The real reason alleged by the defendants for the reversal of this judgment is that the plaintiff's family and the defendants who purchased from them, believed that the plaintiff was dead at the time that the defendant acquired her interest in the lands in controversy.

The evidence tended to show that the plaintiff left Buchanan county twenty-one years before December, 1905, and had not been heard from until 1900 or 1901. That in 1896 his mother, Mahala Grimes, died, the owner of the fee in this land, and in the same year a granddaughter of Mahala Grimes instituted a partition suit in the circuit court of Buchanan county against Cicero Smith and Homer Smith, alleging in her petition that she and the said Cicero and Homer Smith were the sole and only children and grandchildren of Mahala Grimes, deceased, and the said defendants Homer and Cicero Smith in their answers in said partition suit admitted the said allegations to be true and thereupon the court found that the said Effie Thomas and the said Cicero and Homer Smith were the sole heirs at law of the said Mahala Grimes, deceased, and judgment in partition was rendered and said land divided among the said Effie Thomas and the said Cicero and Homer Smith, and

thereafter the said Cicero and Homer Smith and Effie
Thomas conveyed their several interests in said lands
to the defendant Henry Miller, and the said Henry
Miller then conveyed the same to Elgie Miller. De-
fendants invoke the presumption of death arising from
the absence of the plaintiff from Buchanan county, and
insist that the plaintiff having created this legal pre-
sumption by his absence is now precluded from claim-
ing against an innocent person who purchased said
land in good faith after a decree in partition between
the remaining heirs at law. As to the partition suit
between Effie Thomas and Cicero and Homer Smith,
the plaintiff herein was no party thereto and of course
is not bound by the decree in that case. This is too
plain for discussion. It is not pretended that there is
any evidence of any inducement by the plaintiff to
the defendants in this case to purchase the land,
or that he did any act which would estop him from
claiming his interest in this land, unless it is his ab-
sence from the State for more than seven years.

In Scott v. McNeal, 154 U. S. 1. c. 49, the Supreme
Court of the United States said: "The fact that a
person has been absent and not heard from for seven
years may create such a presumption of his death as,
if not overcome by other proof, is such prima-facie
evidence of his death, that the probate court may
assume him to be dead and appoint an administrator
of his estate, and that such an administrator may sue
upon a debt due to him. But proof, under proper
pleadings, even in a collateral suit, that he was living
at the time of the appointment of the administrator,
controls and overthrows the prima-facie evidence of
his death and establishes that the court had no juris-
diction, and the administrator no authority; and he
is not bound, either by the order appointing the ad-
ministrator, or by the judgment in any suit brought

by the administrator against a third person, because he was not a party to and had no notice of either.''

It was not shown that the plaintiff knew that his mother was dead or that she left an estate or that he had any knowledge whatever of the former partition proceedings between the other heirs. When plaintiff left this State he had no property here that was liable to be affected by his absence and his mother did not die until twelve years after his removal from the State and there is absolutely no evidence, as already said, that he had notice of his mother's death, or that she left an estate to which he was an heir. In the case of Scott v. McNeal, above referred to, the Supreme Court of the United States referred to the case of Lavin v. The Emigrant Industrial Savings Bank, 18 Blatchford, 1, in which it was held that letters of administration upon the estate of a living man, issued by the surrogate after judicially determining that he was dead, were null and void as against him; that payment of a debt to an administrator so appointed was no defense to an action by him against the debtor, and that to hold such administration valid against him would deprive him of his property without due process of law within the meaning of the fourteenth amendment of the Constitution of the United States. ''This court concurs in the proposition there announced, 'That it is not competent for a State by a law declaring a judicial determination that a man is dead, made in his absence and without any notice to or process issued against him, conclusive for the purpose of divesting him of his property and vesting it in an administrator for the benefit of his creditors and next of kin, either absolutely or in favor of those who innocently deal with such administrator.' The immediate and necessary effect of such a law is to deprive him of his property without any process of law whatever, as against him, although it is done by process of law against other people, his next of kin to whom

notice is given. Such a statutory declaration of estoppel by a judgment to which he is neither party nor privy, which has the immediate effect of divesting him of his property, is a direct violation of this constitutional guaranty.''

So in this partition suit between plaintiff's brothers and niece; he was not made a party to the suit and of course his rights were unaffected thereby. We have given due consideration to the argument of defendant's counsel that if this case is affirmed they will have paid their money for a portion of this land and will lose it, but this is no answer to the claim of the plaintiff that this is his property and that he has done no act and been guilty of no representation or inducement to mislead the defendants. He is not responsible for the fact that his brothers and niece made representations in their suit for partition to the effect that they were the only heirs at law of Mahala Grimes. To deny him his recovery in this case would be to deprive him of his property without due process of law, and leave him absolutely without remedy for the loss of his estate. On the other hand, the defendants had it within their power to require their grantors to give them warranty deeds and a perfect abstract of title before investing their money in this land. The equity of the case coincides in our opinion with the plain law of the case and that is that the circuit court properly decreed this one-fourth of this land to belong to the plaintiff and its judgment is therefore affirmed.

*Burgess* and *Fox, JJ.,* concur.